IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DENISE MARIE MINSK SCHWECHEL,

                    Plaintiff,                  OPINION AND ORDER

v.

                                              20-cv-700-wmc

KILOLO KIJAKAZI, Acting Commissioner
For Social Security,

                    Defendant.

Pursuant to 42 U.S.C. § 405(g), plaintiff Denise Marie Minsk Schwechel seeks judicial review of the Social Security Commissioner's final determination, which upheld an opinion of Administrative Law Judge Jennifer Smiley ("ALJ") finding that she was not disabled for the period from her alleged disability onset date of February 3, 2013, until January 24, 2018, the day before her 50th birthday. On appeal to this court, plaintiff maintains that the ALJ erred in not finding her disabled for this period: (1) by failing to address her agoraphobia; and (2) by improperly dismissing the opinion of her treating pulmonologist, Dr. Polomis. In addition to these challenges on the merits, plaintiff also contends that the Acting Commissioner holds his office on a constitutionally illicit basis, relying on the United States Supreme Court's relatively recent decision considering the authority of the Consumer Financial Protection Bureau's Director in *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183 (2020). For the reasons that follow, the court will affirm the denial of benefits and enter judgment in the Commissioner's favor.

BACKGROUND[1]

A. Overview

Plaintiff Denise Marie Minsk Schwechel has at least a high school education, is able to communicate in English and has past relevant work experience as a nurse, which she performed at a heavy level of exertion in a skilled position. Schwechel has not engaged in substantial gainful activity since February 3, 2013, the same date as her alleged onset of disability. She applied for social security disability benefits on January 19, 2017, and her date last insured was December 31, 2018.

With a birth date of January 25, 1968, Schwechel was 45 years-old at her alleged disability onset, which is defined as a "younger individual age 45-49." 20 C.F.R. § 404.1563. In her application, Schwechel claimed disability based on pulmonary problems, ADHD, anxiety and PTSD. (AR 85.) Although denied coverage as a "younger individual," because Schwechel turned 50 on January 25, 2018, she was deemed disabled under the agency's medical-vocational guidelines on that date given her residual functional capacity ("RFC"). (AR 24.)

B. ALJ Decision

ALJ Smiley held a video hearing on April 22, 2019, at which Schwechel appeared both personally and by counsel. On May 14, 2019, the ALJ issued an opinion finding that Schwechel had not been under a disability within the meaning of the Social Security Act from her onset date of February 3, 2013, until her 50th birthday. The ALJ first determined

---

[1] The following facts are drawn from the administrative record, which can be found at dkt. #17.

that Schwechel had the following severe impairments: "asthma with reactive airway disease, obesity, anxiety disorder, post-traumatic stress disorder (PTSD), depression, and somatoform disorder." (AR 16.)

The ALJ also considered whether any of Schwechel's impairments or combination of impairments meets or medically equals the severity of one of the listed impairments. Material to one of her challenges on appeal, the ALJ specifically considered the relevant listings for mental impairments and evaluated the paragraph B criteria. (AR 17-18.) With respect to the four broad areas of functioning, the ALJ found that she has moderate limitations in understanding, remembering, or applying information; concentrating, persisting, or maintaining pace; and adapting or managing oneself. The ALJ also found that she had mild limitations in interacting with others. With respect to adapting or management oneself, the ALJ addressed plaintiff's agoraphobia, but found only moderate limitations.

Consistent with these limitations, the ALJ next found that Schwechel had the residual functional capacity ("RFC") to perform sedentary work, with the following additional, exertional limitations: "occasionally climb ramps and stairs, never climb ladders, ropes, or scaffolds, and occasionally balance, stoop, kneel, crouch, and crawl." (AR 18.) The ALJ also concluded that Schwechel "must avoid exposure to extreme heat, extreme cold, and pulmonary irritants including, dust, fumes, and odors." (*Id.*) The ALJ last provided a nonexertional restriction limiting Schwechel to only "simple instructions" and "rare changes in a routine work setting." (*Id.*)

The ALJ then described the standard for evaluating plaintiff's symptoms, including the "intensity, persistence, and limiting effects" of those symptoms, citing appropriately to SSR 16-13p. (AR 18-19.) After setting forth that standard, the ALJ recounted plaintiff's complaints of getting out of breath easily, having a cough reaction to smells, having gained excessive weight from steroids and inactivity, and having to take medication to manage her depression and anxiety. (AR 19.)

The ALJ further reviewed the medical record, which showed a lung injury in February 2013, when Schwechel was exposed to toxic cleaning fumes while working. Her symptoms improved in late 2013 and early 2014, and her pulmonary function test in July 2014 was good. Schwechel was still experiencing some shortness of breath and some evidence of reactive airway disease, and by June 2015, she reported worsening shortness of breath. In May 2016, Schwechel was assessed with insomnia, nocturnal dyspnea (also known as shortness of breath), nocturnal hypoxemia, and snoring. Yet testing in June 2016 showed that her respiratory impairment, at least as "objectively identified," was "relatively mild," and the notes showed that her health had improved, although she had a setback after contracting a respiratory illness when flying to Boston. (AR 20.) In 2017, medical records note that Schwechel has dysphagia (difficulty swallowing) with pills or liquid foods, which causes her to cough, vocal cord dysfunction, exacerbation of mild persistent asthma, oropharyngeal dysphagia, and a chronic cough. In October 2017, she reported a constant cough, shortness of breath and headaches, but a chest x-ray showed no acute disease. In March 2018, Schwechel again reported shortness of breath, as well as dizziness while showering.

As for her mental health, the ALJ noted that Schwechel's testimony was "not fully consistent with the medical evidence of record," noting diagnoses of anxiety and depression, while "treatment records generally describe the claimant as functioning within normal limits." (AR 21.)  The examination by consultative psychologist Catherine Bard, Psy.D., also revealed no "severe level of psychopathology"; instead, she found an "adjustment disorder with depression, anxiety disorder with moderate-to-severe range of agoraphobia, and somatic disorder." (*Id.*)  The ALJ similarly noted that Schwechel "has never required psychiatric hospitalization, nor has she undergone significant or consistent mental health treatment, which further supports the finding of mild to moderate mental impairments." (*Id.*)

In addition to reviewing the medical records, the ALJ noted inconsistencies in Schwechel's own reports of her limitations, including:  a 2014 record, in which she reported feeling better with continued exercise, pulmonary rehab and weight loss; a January 2018 Function Report, in which she indicated being able to dress herself, wash her hair while showering and feed herself; and the consultative examination, in which she indicated that she vacuums and dusts, albeit while wearing a mask. (AR 21-22.)

Finally, the ALJ reviewed the medical opinion testimony.  Material to one of plaintiff's challenges on appeal, the ALJ specifically considered the opinion of Schwechel's pulmonologist David Polomis, M.D., who completed a Medical Source Statement in August 2018 (AR 1530-33), as well as drafted two letters to a Michael Gillick, who appears to be evaluating a workers compensation claim, the first dated April 2, 2015, and the second dated January 5, 2016 (AR 1084-85, 1529).  In his Pulmonary Medical Source

Statement, Dr. Polomis found Schwechel suffered asthma attacks three to four times per week, and she could sit about two hours and stand/walk less than two hours in an 8-hour workday. Polomis also indicated that she could never lift or carry over 20 pounds, should avoid all exposures to environmental exposures, would be incapable of even low stress jobs, and would miss about four days per month due to impairments or treatment. In reviewing Dr. Polomis's opinions, the ALJ placed "some weight" on them, crediting certain limitations (e.g., the weight and environmental exposure restrictions), but concluded that "his more extreme opinions" are "not supported by the medical record prior to the established onset date." (AR 22.) The ALJ also placed no weight on Dr. Polomis's opinion that Schwechel's "combined impairments would make it impossible for her to return to full time work (16F/56)," explaining that the ultimate "question of disability is reserved to the Commissioner" alone. (*Id.*)

With the assistance of the vocational expert ("VE"), the ALJ concluded that Schwechel could not perform her past relevant work as a nurse, and also explained that the agency's medical-vocational guidelines rendered her disabled as of her 50th birthday, at which point the ALJ could not consider transferability of job skills. (AR 23.) Nevertheless, based on the RFC and the VE's testimony, the ALJ concluded that Schwechel could perform jobs in significant numbers in the national economy, including order clerk and mail addresser, from the date of her application until her 50th birthday.

OPINION

The standard by which a federal court reviews a final decision by the Commissioner of Social Security is well-settled. Specifically, findings of fact are "conclusive," so long as they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Provided the Commissioner's findings under § 405(g) are supported by such "substantial evidence," this court cannot reconsider facts, re-weigh the evidence, decide questions of credibility, or otherwise substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Similarly, where conflicting evidence allows reasonable minds to reach different conclusions about a claimant's disability, the responsibility for the decision falls on the Commissioner. *Edwards v. Sullivan*, 985 F.2d 334, 336 (7th Cir. 1993).

At the same time, the court must conduct a "critical review of the evidence," *id.*, and insure the ALJ has provided "a logical bridge" between findings of fact and conclusions of law. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). Thus, plaintiff's three, core challenges on appeal must be considered under this deferential standard.

## I. Consideration of Agoraphobia

Plaintiff first faults the ALJ for failing to take into account Schwechel's severe agoraphobia, arguing that this condition may warrant a restriction of "no contact with others," which may, in turn, preclude competitive, full-time work. (Pl.'s Opening Br. (dkt. #24) 9.) However, this argument fails to confront the ALJ's decision, which credited Schwechel's agoraphobia, albeit not as a separate, severe impairment. Rather, the ALJ

7

found that Schwechel had moderate limitations with respect to adapting or managing oneself. (AR 18.) Moreover, the consultative examining psychologist, Dr. Bard, framed Schwechel's mental health impairment as "anxiety disorder within the moderate-to-severe range with agoraphobia" (AR 21), which the ALJ actually deemed severe. As such, the court rejects Schwechel's challenge to the extent she represents that the ALJ entirely ignored this impairment.

Further, to the extent plaintiff is actually contending that the ALJ failed to accommodate Schwechel's agoraphobia adequately in crafting her RFC, this argument also fails. The state agency psychological consultants concluded that Schwechel had a moderate limitation in adapting and managing herself, and found this limitation resulted in her needing a regular set of duties without much change. (AR 99, 120, 18.) Thus, the ALJ adopted job restrictions to include only rare changes in a routine work setting. The ALJ was also entitled to rely on the state agency psychological consultants' translation of Schwechel's limitations into functional restrictions, or at least, plaintiff has failed to argue otherwise. *See Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021) (explaining that an ALJ may "reasonably rel[y] on the narrative RFC because it was in fact consistent with the 'moderate' checklist ratings") (citing *Varga v. Colvin*, 794 F.3d 809, 816 (7th Cir. 2015)). For these reasons, the court rejects this challenge.

**II. Treatment of Dr. Polomis's Opinion**

Initially, plaintiff's second challenge would appear to have more merit. As detailed above, plaintiff's treating pulmonologist, Dr. Polomis, completed a 2018 Medical Source Statement, in which he set limitations that the ALJ rejected, but if credited, would have

8

rendered Schwechel disabled for the relevant period. Moreover, because plaintiff's application was filed before March 2017, the court considers this challenge under the old "treating physician" rule as codified at 20 C.F.R. § 404.1527(c)(2). Under this rule, if an ALJ does not give a treating physician's opinion controlling weight, then she must decide what weight it should be given by considering specified regulatory factors to the extent applicable. *See Gerstner v. Berryhill*, 879 F.3d 257, 263 (7th Cir. 2018). These factors include: (1) "the treatment relationship's length, nature, and extent"; (2) "the opinion's consistency with other evidence"; (3) "the explanatory support for the opinion"; and (4) "any specialty of the treating physician." *Id.* (citing 20 C.F.R. § 404.1527(c)).

Here, plaintiff faults the ALJ's treatment of Dr. Polomis in two respects. Taking them out of order, plaintiff argues that the ALJ erred in ignoring Dr. Polomis's opinion because he opined on an issue reserved to the Commissioner. (Pl.'s Opening Br. (dkt. #24) 24 (citing SSR 96-5p ("Nonetheless, opinions from any medical source on issues reserved to the Commissioner must never be ignored.")).) However, the ALJ did not "ignore" Dr. Polomis's opinion; instead, she confronted the limitations he described in the Medical Source Statement, accepting some and rejecting others. While the ALJ may have ignored Polomis's general statement in the letter to the workers compensation adjudicator that Schwechel was disabled, the court sees no error in that specific statement, especially in light of the ALJ's broader consideration of his opinion.

Second, and more to the point, plaintiff faults the ALJ for her reasons for discounting Dr. Polomis's opinion. The court agrees that the portion of the ALJ's decision specifically weighing his opinion is quite thin. Indeed, the ALJ simply states that she rejects

9

Dr. Polomis's more extreme restrictions because they are "not supported by the medical record." (AR 22.) As the Commissioner argues in her opposition, however, the ALJ considered the medical evidence earlier in her decision, finding that the evidence did not require greater restrictions than a range of sedentary work, and expressly commenting on objective findings that were generally normal. (AR 20.) The court agrees with the Commissioner that the ALJ need not repeat this same analysis in the section of her decision specifically addressing Dr. Polomis's opinion. *See Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004) (explaining that it is a "needless formality" to require an ALJ to repeat the same material in different parts of her decision).

In reviewing Dr. Polomis's 2015 and 2016 letters, in which he addresses the question of whether Schwechel's "current symptoms are due to work exposure-related lung problems" in particular, Dr. Polomis himself acknowledges that the tests he administered of Schwechel's lung function show that she is "at worst only mildly impaired" and her results were "within normal limits"; and based on this, Polomis further concludes that "[h]er current temporary disability is not in my opinion due to the lung condition she has and that I am treating." (AR 1084-85; *see also* AR 1529 ("[T]he pulmonary impairment caused by this [workplace exposure] has been mild to none based on objective pulmonary function studies.").) Nonetheless, Dr. Polomis credits Schwechel's shortness of breath and other, related symptoms, while contending that he "believe[s] Denise's other non-pulmonary causes of disability (vocal cord dysfunction, physical deconditioning, and anxiety with panic symptoms) continue to be the problems that continue to make it impossible for her to return to full time work duties." (AR 1085.) Dr. Polomis also

10

acknowledges that these "conditions are not within my scope of practice," and, therefore, he "cannot make an informed comment on their contribution." (*Id.*)

As such, while Dr. Polomis completes a form in 2018 indicating severe restrictions, the ALJ reasonably rejected these restrictions as they fall outside of Dr. Polomis's expertise and, more critically, areas of treatment of Schwechel. While the ALJ could have teased out her reasons for rejecting Dr. Polomis's opinion better, her treatment was adequate. *See Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.").

### III. Constitutional Challenge

This leaves plaintiff's constitutional challenge. As an initial observation, the court notes that plaintiff devoted four pages in her opening brief to this argument but spent 35 pages in her reply brief. Because a party cannot sit on the bulk of her argument until the reply brief, the court is tempted to disregard this argument on that basis alone. Even putting that concern aside, plaintiff argues that the Social Security Commissioner holds his or her office on a constitutionally illicit basis, because in contravention of Article II of the United States Constitution, 42 U.S.C. § 902(a)(3) does not permit his or her removal by the President, citing as support, *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183 (2020), in which the Supreme Court considered a challenge to the authority of the CFPB director on similar grounds. This argument has been offered in several cases throughout the country, and, at least to date, *no* district or circuit court has credited it. (Def.'s Not. of Suppl. Authority (dkt. #37) 1-2 (citing cases); Def.'s Sec. Not. of Suppl.

Authority (dkt. #39); Not. of Suppl. Authority, *Hale v. Kijakazi*, No. 20-cv-866 (W.D. Wis. Jan. 12, 2022) (dkt. #31).) Absent some authority to the contrary, this court is extremely reluctant to depart form that growing body of law, including one already authored by this court. *Roth v. Kijakazi*, No. 20-CV-1077-JDP, 2021 WL 6062062 (W.D. Wis. Dec. 22, 2021)

Regardless, as the Supreme Court explained in an even more recent opinion, *Collins v. Yellen*, 141 S. Ct. 1761, 1787-89 (2021), a plaintiff seeking to bring such a constitutional challenge must demonstrate that the allegedly unconstitutional, statutory removal restriction actually caused her some injury, and plaintiff has failed to do so here. Indeed, having rejected plaintiff's arguments of the ALJ's errors in adjudicating her claim, plaintiff has failed to articulate any basis for finding that she was harmed by the Social Security Administration's structure. *E.g.*, *id*. at *6 ("Because Roth has not alleged any connection between the removal provision and the decision denying him benefits, he is not entitled to remand on this basis."); *Clark v. Kijakazi*, No. 20-CV-1363, 2021 WL 5905942, at *4 (E.D. Wis. Dec. 14, 2021) ("[A]s explained above, the ALJ's error in failing to specifically address the effects of Clark's obesity on her mental limitations is harmless. Therefore, Clark did not suffer 'compensable harm' and is not entitled to relief on her constitutional claim."); *Osborne v. Kijakazi*, No. 5:21-CV-9-MOC, 2021 WL 5890668, at *4 (W.D.N.C. Dec. 13, 2021) (relying on *Collins*, rejecting challenge to Acting Commissioner's authority because plaintiff "also offers no evidence to show that there is a nexus between the unconstitutional removal restriction and the denial of his application for disability benefits"). As such, the court rejects this basis for remand as well.

ORDER

IT IS ORDERED that the decision of defendant Kilolo Kijakazi, Acting Commissioner of Social Security, denying plaintiff Denise Marie Minsk Schwechel's application for disability insurance benefits is AFFIRMED. The clerk of court is directed to enter judgment in defendant's favor and close this case.

Entered this 14th day of January, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge